# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BROOKE N. BRAWLEY, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, INC.,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED**<br>**CLASS ACTION COMPLAINT** |

## CLASS ACTION COMPLAINT

**COMES NOW** Plaintiff, Brooke N. Brawley, by and through the undersigned counsel and for her Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against Defendant, Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges Defendant's collection practices violate the FDCPA.

2. Such collection practices include, *inter alia*, sending consumers written communication in an attempt to collect debts, which overshadow consumers' rights to validate, and dispute, such debts.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

5. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

6. "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

7. When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

## JURISDICTION AND VENUE

8. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

9. Venue is proper in this District because part of the acts and transactions occurred within this District, Plaintiff resides within this District, and Defendant transacts substantial business within this District.

## PARTIES

10. Plaintiff, Brooke N. Brawley (hereafter "Ms. Brawley" or "Plaintiff") is a natural person currently residing in St. Louis County, State of Missouri. Ms. Brawley is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

11. Defendant, Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., is a Pennsylvania corporation with a mailing address of 330 S. Warminster Rd., Suite 353, Hatboro, PA 19040 (hereinafter "FBCS" or "Defendant").

12. Defendant conducts business in the State of Missouri and acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in St. Louis County, Missouri. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTS

13. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

14. On or about November 3, 2020, Plaintiff received a call from Defendant, seeking to collect an alleged debt in the amount of $251.19, account number XXXXX550, purportedly owed to "AccuHealth Urgent Care" (the "Debt").

15. Plaintiff disputed the debt with Defendant.

16. Following Plaintiff's dispute, on or about November 4, 2020, an initial dunning letter was sent to Ms. Brawley (the "Initial Collection Letter") from FBCS,

17. The Debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Defendant's Initial Collection Letter failed to include the full notices and disclosures of consumer rights required within five (5) days of an initial communication with a consumer, commonly known as the 1692g Notice or "Validation Notice".

19. Pursuant to the FDCPA § 1692g,

> (a) …Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. Defendant's Initial Collection Letter failed to notify Plaintiff that, pursuant to §1692g(a)(4) of the FDCPA, a dispute must be made in writing.

21. The lack of the full Validation Notice, namely Sections 1692g(4-5) of the FDCPA, in the Initial Collection Letter was an attempt to mislead and deceive, or otherwise obfuscate from, the Plaintiff regarding her rights to obtain verification of the Debt by Defendant, rending it false, misleading, and/or deceptive, thereby violating the FDCPA.

22. Defendant's Initial Collection Letter demanded that Plaintiff remit payment for the Debt to Defendant ("Payment Demand"), with such Payment Demand being made despite Defendant's statutorily deficient Validation Notice.

23. Upon information and belief, the Initial Collection Letter is a form letter.

24. Upon information and belief, Defendant makes a pattern and practice of providing statutorily deficient Validation Notices in an effort to mislead, confuse, and/or deceive a consumer with respect to their rights to obtain verification of a debt, in an effort to trick a consumer into paying a debt they would normally dispute, or may not owe.

25. Ms. Brawley had to spend time, and had to hire counsel, to investigate Defendant's Initial Collection Letter.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

    a. This Action is properly maintained as a class action. The Class and Subclass consists of:

**THE CLASS**

All nationwide consumers, who within the statutory period, were sent an initial debt collection notice or letter from Defendant, attempting to collect a debt, where the debt collection notice or letter did not include the required statutory language pursuant to 1692g.

**THE SUBCLASS**

All Missouri consumers, who within the statutory period, were sent an initial debt collection notice or letter from Defendant, attempting to collect a debt, where the debt collection notice or letter did not include the required statutory language pursuant to 1692g.

b. The Class period begins one year to the filing of this Action.

c. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

d. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

e. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

f. Whether Defendant violated various provisions of the FDCPA including but not limited to:

   i. 15 U.S.C. §§1692g, 1692e and 1692f;

  ii. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

g. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

h. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

i. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

j. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

k. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's

conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

### COUNT I: Violation Of § 1692g of the FDCPA

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28. 15 U.S.C. § 1692g(a) sets forth the Validation Notice requirements incumbent on debt collectors.

29. Defendant's Initial Collection Letter failed to contain the full, prerequisite Validation Notice providing Ms. Brawley with notice of her rights to dispute the alleged debt, or any portion thereof, pursuant to 15 U.S.C. § 1692g.

30. Section 1692g of the FDCPA further prohibits any collection activities and communication during the 30-day period from overshadowing the disclosure of the consumer's rights. *See* 15 U.S.C. § 1692g(b).

31. Defendant's Payment Demand, absent appropriate and contextually necessary transition language, overshadowed the Defendant's Validation Notice to the Plaintiff.

32. Defendant's violations of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT II: Violation Of § 1692e of the FDCPA

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Section 1692e of the FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, and underscores the general application of such prohibition.

35. §1692e of the FDCPA provides,

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
…
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
…

36. The statutorily deficient Validation Notice in Defendant's Initial Collection Letter, coupled with the Payment Demand, are intended to mislead the least sophisticated consumer regarding the availability of dispute and verification rights for a purported debt.

37. Defendant's failure to provide Plaintiff with the full Validation Notice within 5 days of an initial communication is a deceptive and misleading representation that violates § 1692e the FDCPA.

38. Defendant's demand that plaintiff provide additional information in order to validate a debt is false, misleading, and deceptive, in violation of § 1692e FDCPA.

39. Defendant's Payment Demand violates 1692e, as Defendant should be ceasing collection of the Debt upon receiving Plaintiff's dispute of the Debt.

40. An unsophisticated consumer would be confused as to whether or not their dispute was valid, because they did not receive their §1692g rights and misled by Defendant's deficient Validation Notice and Payment Demand, as detailed above, in Defendant's Initial Collection Letter.

41. An unsophisticated consumer would be further confused and misled as to whether their dispute was valid in light of Defendant's Payment Demand, in violation of § 1692e FDCPA.

42. Defendant's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

**COUNT III: Violation Of §1692f Of The FDCPA**

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

45. In violating §1692g(a-b) of the FDCPA, as detailed in Count I, herein, Defendant has implicitly also violated §1692f of the FDCPA by virtue of the unfair practices alleged therein.

46. Moreover, Defendant's Payment Demand, when coupled with an insufficient Validation Notice, underscores the unfair patterns and practices that, upon information and belief, Defendant engages in to overshadow the dispute rights of unsophisticated consumers like Ms. Brawley. Such pattern and practices by Defendant are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

47. Defendant's conduct in structuring its communications to Ms. Brawley thusly has a coercive effect designed to pressure individuals like Ms. Brawley into sending money quickly, thereby overshadowing consumer dispute rights. Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

48. Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Boris Graypel, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses; and

(d) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

Dated: January 28, 2021

Respectfully Submitted,

**THE LAW OFFICE OF BORIS E. GRAYPEL, LLC**

/s/ Boris E. Graypel_____
By: Boris E. Graypel, #68529MO
8112 Maryland Ave., Suite 400
St. Louis, MO 63105
Phone: (314) 300-9590
Fax: (314) 754-9305
E-mail: bgraypel@gmail.com

*Attorney for Plaintiff*